COOLEY LLP
WHITTY SOMVICHIAN (194463)
(wsomvichian@cooley.com)
REECE TREVOR (316685)
(rtrevor@cooley.com)
EMILY J. BORN (360427)
(eborn@cooley.com)
3 Embarcadero Center
20th Floor
San Francisco, California  94111-4004
Telephone:     +1 415 693 2000
Facsimile:      +1 415 693 2222

Attorneys for Plaintiff
GOOGLE LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE LLC, a Delaware limited liability company,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MUHAMMAD YASIR KHATRI, an individual, and DOES 1–20,<br><br>　　　　　　Defendants. | Case No. 5:25-cv-10907-VKD<br><br>**PLAINTIFF GOOGLE LLC'S EX PARTE MOTION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENAS PRIOR TO RULE 26(F) CONFERENCE** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S MOTION FOR LEAVE TO SERVE
THIRD-PARTY SUBPOENAS
CASE NO. 5:25-CV-10907-VKD

## I. INTRODUCTION

Defendants Muhammad Yasir Khatri and Does 1-20 are engaged in a scheme to sell fake reviews on Google services. This ongoing scheme is harming customers, legitimate businesses, and Google alike. Despite diligent efforts, Google has been unable to locate a physical address at which to serve process on Khatri or to confirm the identities of the Doe Defendants. Google therefore seeks permission to serve limited, tailored subpoenas on service providers that likely have information regarding Khatri's location and the identities and locations of the Doe Defendants. Without this expedited discovery, Google cannot obtain crucial information needed to locate Khatri and serve and uncover the Doe Defendants' identities, and Google will be left without a means to recover from the harm caused by Defendants.[1]

## II. BACKGROUND

### A. Defendants' Fake Reviews Scheme

Google is a well-known provider of an internet search engine and other online services, such as Google Maps. *See* Complaint ("Compl.") (Dkt. 1) ¶ 15. Google provides (among other things) detailed public listings of local businesses with accompanying ratings and reviews submitted by users. *Id*. The authenticity of these reviews is essential to businesses, their customers, and Google. *Id*. ¶ 21. When reviews are fake or misleading, everyone involved suffers: users may be mislead, businesses with legitimate reviews may lose revenue to those with illegitimate positive reviews, and business with illegitimate positive reviews and Google may lose credibility and goodwill among misled users. *Id*. ¶ 22.

---

[1] Because Google has been unable to serve Defendants and Defendants have not appeared in the case, Google has no way to provide notice of this motion to Defendants and so respectfully seeks the Court's permission to proceed on an *ex parte* basis pursuant to Civil Local Rule 7-10. *See, e.g.*, *G.N. Iheaku & Co. Ltd. v. Does 1-3*, No. C 14-02069, 2014 WL 2759075, at *1 (N.D. Cal. June 17, 2014) (granting in relevant part *ex parte* motion to subpoena bank and email provider to identify and serve defendant); *Readify, Pty Ltd. v. Readifyblog*, No. CV 12-05357, 2012 WL 6737809, at *1 (N.D. Cal. Dec. 28, 2012) (same, for proposed subpoena to blog hosting service).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

GOOGLE'S MOTION FOR LEAVE TO SERVE
THIRD-PARTY SUBPOENAS
CASE NO. 5:25-CV-10907-VKD

1    Khatri operates two websites through his companies Reviews Company (reviews-company.com) and KMJEE Soft Ltd (kmjeesoft.com) ("Websites") that advertise and sell fake Google reviews. Defendants' Websites claim that Defendants can and will author or procure positive reviews for any business listed on Google Maps, despite never having patronized these businesses, and that those reviews will evade Google's scrutiny. *Id*. ¶¶ 30-40. Defendants unabashedly advertise these fake reviews and even sell them in packages:



*Id*. ¶ 30. The Websites include headings like "Buy Google Reviews" and claim that by "buying Google reviews, you can boost your clients within a small time." *Id*. ¶¶ 34-35. Specifically appealing to business owners' need to win customers using Google services, Defendants urge that "[y]our potential customer is paying attention to the reviews! Make sure they are reading all the good things about your business." *Id*. ¶ 34.

Based on Defendants' own representations and Google's investigation, Defendants write fake reviews themselves; directly employ individuals to write fake reviews; and/or arrange for third parties, including some or all of the Doe Defendants, to do so in exchange for compensation. *Id*. ¶ 41. Defendants' scheme harms businesses, customers, and Google, and constitutes breach of contract and inducement of contractual breach in violation of California law; violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*; and false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE'S MOTION FOR LEAVE TO SERVE
THIRD-PARTY SUBPOENAS
CASE NO. 5:25-CV-10907-VKD

### B. Google's Attempts to Locate Defendants

Defendants are not hiding their fraudulent scheme, but they are hiding their identities and whereabouts. Google has diligently tried to identify Defendants, including by investigating public records and Google internal records. This investigation has yielded some success because it linked Khatri to both Websites. Compl. ¶¶ 23-28. First, Google identified Khatri as the sole registered director and controlling stakeholder of KMJEE Soft Ltd, according to business registry records in the United Kingdom, where that entity is registered. These records list his name as Muhammad Yasir Khatri, show that his date of birth is in October 1993, and indicate that he is a Pakistani resident and national. *Id*. ¶ 23. They do not, however, identify Khatri's current physical address.

Google also investigated its own records. The "Contact Us" tab on the Reviews Company webpage lists the email address reviewscompany1@gmail.com. *Id*. ¶ 26. Google internal records demonstrate that reviewscompany1@gmail.com lists yasirkhalid1993@gmail.com as the account's recovery email address. That account in turn lists yasirkhalid93@gmail.com as its recovery email address (the secondary email account used to verify a primary account or regain access in the event a user is locked out of their account). The display name for yasirkhalid93@gmail.com is "Muhammad Yasir Khalid." Based on Defendant Khatri's 1993 year of birth and the "Muhammad Yasir" name he recorded with KMJEE Soft's formation paperwork, Google determined that "Muhammad Yasir Khalid" is Defendant Khatri. *Id*. ¶ 27. However, Google's internal records do not include Khatri's current address.

Despite Google's diligence in investigating, Google has been unable to identify Khatri's current address or learn the identity of Doe Defendants. But Google's investigation has hit a wall, having explored all available avenues, and Google now requires information from third parties to move forward.

### C. Third Parties Likely to Have Relevant Information

Through its investigation and attempts to serve Khatri, Google has identified third parties likely to have relevant information: CCY Endeavors LLC, doing business as Uncle Marty's Shipping Office ("Uncle Marty's"); Stripe, Inc. ("Stripe"); GoDaddy Inc. ("GoDaddy"); and Domains By Proxy, LLC ("Domains By Proxy").

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE'S MOTION FOR LEAVE TO SERVE
THIRD-PARTY SUBPOENAS
CASE NO. 5:25-CV-10907-VKD

1  **Uncle Marty's** is the operator of a personal mailbox listed on the Reviews Company
2  website. The "Contact Us" tab on the Reviews Company webpage lists the following address (the
3  "Ithaca Address"):

FIND US
206A Dryden Rd, PMB 609, Ithaca, NY
14850, United States

Compl. ¶ 26. Based on the Reviews Company website, Google attempted to serve Khatri at the Ithaca Address. Declaration of Reece Trevor ("Trevor Decl.") ¶ 2. Google's process server did not locate Khatri at the Ithaca address, however. Instead, the process server confirmed that the Ithaca Address is occupied by Uncle Marty's, a shipping and mailbox company that rents private physical mailboxes. Trevor Decl. ¶¶ 5-6. An Uncle Marty's employee informed Google's process server that Uncle Marty's could not accept service on behalf of Khatri, but confirmed that private mailbox 609 (the "PMB 609" listed on the Reviews Company website) belongs to Khatri. *Id.* ¶ 5. [2]

According to Uncle Marty's website, a customer must provide Uncle Marty's with information including a phone number, email address, and physical address to rent a private mailbox. *Id.* ¶ 4. Based on Uncle Marty's confirmation that Khatri maintains a private mailbox with the company, it is therefore probable that Uncle Marty's is in possession of information that will aid in locating and perfecting service on Khatri.

**Stripe** is a payment processor that enables companies to accept online payments. *See* Stripe, Payments, www.stripe.com/payments (last visited Jan. 29, 2026) ("Accept payments online, in person, and around the world with a payments solution built for any business."). When a user attempts to purchase reviews on Defendants' Websites, they are taken to a payment page that states it is "powered by Stripe" and displays the name "muhammad khatri" in the top left corner. *Id.* ¶ 8. Because Khatri, and likely other Defendants, are Stripe customers, it is probable that Stripe has information relevant to Khatri's location and the identity of the Doe Defendants.

**GoDaddy** is the domain registration and web hosting service for the Websites, as confirmed

---

[2] Public records on file with the New York Secretary of State indicate that "Uncle Marty's Shipping Company" is a trade name of CCY Endeavors LLC, the legal entity to which Google seeks leave to issue a subpoena. Trevor Decl. ¶ 7.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

GOOGLE'S MOTION FOR LEAVE TO SERVE
THIRD-PARTY SUBPOENAS
CASE NO. 5:25-CV-10907-VKD

by GoDaddy's domain search tool. Trevor Decl. ¶¶ 10-11. It is therefore probable that GoDaddy has information relevant to Khatri's location and the identity of the Doe Defendants as Defendants are GoDaddy customers. Additionally, GoDaddy permits domain name registrants to conceal their names from public registries by replacing their information with substitute details from GoDaddy's privacy service, Domains By Proxy. *See GoDaddy*, "What is Domain Privacy?" available at https://www.godaddy.com/help/what-is-domain-privacy-41145. This allows users to control privacy levels and keep their contact information hidden from public registries. As a result, the Reviews Company and KMJEE Soft Websites both appear in GoDaddy's "WHOIS" Registry as private. *Id.* ¶ 13. The listed contact "name" is shown as "Registration Private" and the mailing address and email shown are for Domains By Proxy. *Id*. It is therefore also likely that Domains By Proxy has information relevant to Khatri's location and the identity of the Doe Defendants.

## III. ARGUMENT

Google has conducted a thorough investigation into Defendants' identities and whereabouts, but publicly-available information alone has not allowed it to serve Defendants and proceed with its meritorious claims. Google has good cause to seek narrowly-tailored discovery from third parties likely to have information. Indeed, without this information, Google will have no legal recourse for the harm Defendants' fraudulent scheme is causing.

Courts in the Ninth Circuit allow discovery prior to a Rule 26(f) conference upon finding good cause. *Eurofins Elec. & Elec. Testing NA, LLC v. SGS N. Am. Inc.*, No. 24-cv-06340, 2024 WL 4453315, at *1 (N.D. Cal. Oct. 8, 2024). Courts in this district "routinely allow expedited discovery for good cause such as determining a defendant's identity and address." *Gray v. Doe Telemarketer(s)*, No. 25-cv-08380, 2025 WL 3022874, at *2 (N.D. Cal. Oct. 29, 2025) (citing *Donaldson v. Garland*, No. 21-cv-1178, 2022 WL 17252701, at *2 (E.D. Cal. Nov. 28, 2022); *UMG Recordings, Inc. v. Doe*, No. C 08-1193, 2008 WL 4104214, at *5 (N.D. Cal. Sept. 3, 2008)); *see also, e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-04931, 2023 WL 7420653, at *2 (N.D. Cal. Oct. 19, 2023) (finding good cause to grant Plaintiff leave to conduct early discovery to identify Defendant).

There is good cause here because "the need for expedited discovery, in consideration of the

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

GOOGLE'S MOTION FOR LEAVE TO SERVE
THIRD-PARTY SUBPOENAS
CASE NO. 5:25-CV-10907-VKD

administration of justice, outweighs the prejudice to the responding party." *Cordova v. Huneault*, No. 25-cv-04685, 2025 WL 2535104, at *1 (N.D. Cal. July 16, 2025) (DeMarchi, J.) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *UMG Recording, Inc. v. Doe*, No. C08-1193, 2008 WL 4104214, at *4 (N.D. Cal. Sept. 3, 2008)). Google satisfies each of the factors that courts often consider in this determination. *See Cordova*, 2025 WL 2535104, at *1 (listing factors). First, Google can identify Defendants with sufficient specificity such that the Court can determine that Defendants are real persons or entities that could be sued in federal court. Second, Google has identified previous steps taken to locate Defendants. Third, Google's complaint against Defendants could withstand a motion to dismiss. And fourth, there is a reasonable likelihood that Google's proposed subpoenas will identify Defendants and make service of process would be possible.

### A. Defendants Can Be Sued in Federal Court

Google has already identified Khatri, a real person, as one defendant. *See* Section II.B, *supra*. Further, as alleged in the Complaint, Defendants are subject to this Court's jurisdiction. When creating his various Google accounts, Khatri was required to agree to Google's Terms of Service ("Google TOS"). Compl. ¶¶ 46, 48. Any Doe Defendant who aided Khatri's scheme must also have consented to the Google TOS in order to post reviews and perpetuate the scheme. *Id.* The Google TOS provides that "California law will govern all disputes arising out of or relating to these terms, service-specific additional terms, or any related services, regardless of conflict of laws rules" and that such "disputes will be resolved exclusively in the federal or state courts of Santa Clara County, California, USA, and you and Google consent to personal jurisdiction in those courts." Compl. ¶ 52, Ex. A. Courts have found that these terms and acceptance by account creation "manifests consent to personal jurisdiction in this district." *Google LLC v. Does 1-3*, No. 23-cv-05823, 2024 WL 3739671, at *3 (N.D. Cal. July 1, 2024); *see also Google LLC v. Pondit*, No. 24-cv-07463, 2025 WL 2433519, at *3 (N.D. Cal. Aug. 5, 2025), *report and recommendation adopted*, No. 24-cv-07463, 2025 WL 2430412 (N.D. Cal. Aug. 22, 2025) (holding Court had jurisdiction based on similar factual allegations). Defendants have thus consented to the jurisdiction of this Court, satisfying the first factor.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

GOOGLE'S MOTION FOR LEAVE TO SERVE
THIRD-PARTY SUBPOENAS
CASE NO. 5:25-CV-10907-VKD

### B. Google Has Taken Diligent Steps to Locate Defendants

As described above, Google has taken diligent steps to locate Defendants. Google has undergone an extensive investigation of public records, conducted its own investigation, and attempted service at the address associated with Reviews Company. *See* Section II.B, *supra*. Google has exhausted all reasonably available avenues and is left with no further recourse. "Plaintiffs lacking necessary information about unidentified defendants must seek such information through third-party subpoenas or other third-party discovery." *Kimberlite Corp. v. John Does 1-20*, No. C08-2147, 2008 WL 2264485, at *2 (N.D. Cal. June 2, 2008) (citing *Butera & Andrews v. Int'l Bus. Machs. Corp.*, 456 F. Supp. 2d 104, 114 (D.D.C. 2006).

### C. Google's Action Can Withstand a Motion to Dismiss

"To survive a motion to dismiss [for failure to state a claim upon which relief can be granted], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Google's Complaint could and would survive such a motion for each claim alleged:

**<u>Breach of contract</u>:** To state a claim for breach of contract under California law, a plaintiff must plead "(1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) resulting damages to plaintiff." *Google v. Pondit*, 2025 WL 2433519, at *5 (citing *Google LLC v. Does 1-3*, 2024 WL 3739671, at *6).

*First*, Google has alleged the existence of a contract created when Defendants agreed to Google's TOS. Compl. ¶ 52. *Second*, Google has alleged it performed its obligations under its TOS and related policies by providing Google services to Defendants. *Id.* ¶ 66. *Third*, Google has alleged that Defendants posted fake reviews, breaching numerous provisions of the TOS and related policies, including prohibitions of "fake reviews," "fake engagement," and "content that is not based on a real experience." *Id.* ¶ 67. *Fourth*, Google has alleged that Defendants' activities harmed Google, including by causing reputational harm. *Id.* ¶¶ 61-63. Google's breach of contract claim is legally sufficient. *See Google v. Pondit*, 2025 WL 2433519, at *5 (holding substantially similar allegations state a claim for breach of contract).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

GOOGLE'S MOTION FOR LEAVE TO SERVE
THIRD-PARTY SUBPOENAS
CASE NO. 5:25-CV-10907-VKD

Additionally, Defendants induced others to breach contracts. Under California law, the tort of inducement of breach of contract requires: (1) a valid and existing contract between the plaintiff and a third party, (2) the defendant's knowledge of that contract and intent to induce its breach, (3) an actual breach of the contract by the contracting party, (4) the breach was proximately caused by the defendant's unjustified or wrongful conduct, and (5) resulting damages. *Shamblin v. Berge*, 166 Cal. App. 3d 118, 122 (1985). To the extent Defendants induced others to post fake content on Google services, Defendants induced such individuals to breach a valid contract with Google. Compl. ¶¶ 74-81. And to the extent Defendants induced business owners that use Google Business Profiles to purchase fake reviews for their businesses, Defendants induced such businesses to breach a valid contract with Google. *Id*. ¶¶ 82-88.

**UCL:** Under California law, a plaintiff must show either an (1) unlawful, unfair, or fraudulent business act or practice, or (2) unfair, deceptive, untrue or misleading advertising to bring a claim under the UCL. *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 & fn. 8 (1999). Google meets this standard here. The Federal Trade Commission's ("FTC") regulations require that endorsements or testimonials "reflect the honest opinions, findings, beliefs, or experience of the endorser" and prohibit "any express or implied representation that would be deceptive if made directly by the advertiser." 16 C.F.R. § 255.1(a). Violation of FTC regulations is an unlawful business practice under California's UCL.

Here, Google has alleged that Defendants published reviews for products and services that they have never patronized. Compl. ¶ 45. In doing so, Defendants falsely and deceptively imply to readers that they have patronized the reviewed business or service. Defendants' unlawful business practices have directly resulted in economic harm to Google, including the costs of Google's investigation into those practices and the impact on Google's credibility, goodwill, and user experience. *Id*. ¶ 72. Google has adequately alleged this claim. *See Google v. Pondit*, 2025 WL 2433519, at *5 (holding substantially similar allegations state a claim for UCL violation).

**Lanham Act:** A prima facie case under Section 43(a) of the Lanham Act requires the following, each of which are adequately alleged: (1) the defendant made a false statement either about the plaintiff's or its own product (Compl. ¶ 90); (2) the statement was made in a commercial

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

GOOGLE'S MOTION FOR LEAVE TO SERVE
THIRD-PARTY SUBPOENAS
CASE NO. 5:25-cv-10907-VKD

advertisement or promotion (Compl. ¶ 93); (3) the statement actually deceived or has the tendency to deceive a substantial segment of its audience (Compl. ¶ 43); (4) the deception is material, in that it is likely to influence the purchasing decision (Compl. ¶ 94); (5) the defendant caused its false statement to enter interstate commerce (Compl. ¶ 93); and (6) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to the defendant, or by lessening of goodwill associated with the plaintiff's product (Compl. ¶ 96). *See InSinkErator, LLC v. Joneca Co., LLC*, No. 25-286, 2025 WL 3751867, at *3 (9th Cir. Dec. 29, 2025) (listing elements).

### D. Discovery Will Reveal Defendants' Location and Identities

As discussed in Section II.C, each third party that Google seeks leave to subpoena is likely to have relevant information. Khatri rents a private mailbox through Uncle Marty's, and in order to do so, a customer must provide contact information and an address. Trevor Decl. ¶ 6. Defendants are customers of Stripe, GoDaddy, and Domains By Proxy, and each is therefore likely to have relevant information. Trevor Decl. ¶¶ 9, 11, 13. Google seeks discovery designed to obtain the limited information it needs to identify Khatri's location and the identity of Doe defendants. Discovery from these third parties is thus proper. *See, e.g.*, *Kimberlite Corp.*, 2008 WL 2264485, at *2 (denying third party's motion to quash subpoena to AT&T, finding it was "proper" for the plaintiff to subpoena the internet service provider to obtain information related to the defendant's identity); *OnNet USA, Inc. v. Play9d.com*, No. C 12-06282, 2013 WL 12149702, at *2 (N.D. Cal. Jan. 30, 2013) (finding plaintiff satisfied factor because it "requests to obtain information about Defendant's identity and geographic location").

### E. Other Facts Also Demonstrate Good Cause

In addition to the factors above, "there is no prejudice to [Defendants] in granting the requested early discovery because it 'is narrowly tailored to seek only their identity.'" *Dallas Buyers Club LLC v. Doe-69.181.52.57*, No. 16-cv-01164, 2016 WL 4259116, at *3 (N.D. Cal. Aug. 12, 2016).

The subpoenas each request the following, narrowly-tailored information:

- **Uncle Marty's**: Documents sufficient to show the name, telephone number, billing

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

GOOGLE'S MOTION FOR LEAVE TO SERVE
THIRD-PARTY SUBPOENAS
CASE NO. 5:25-CV-10907-VKD

address, mailing address, and email address of the person associated with the relevant private mailbox. Trevor Decl. Ex. B.

- **Stripe**: Documents sufficient to show the addresses and email address associated with Khatri's account. Trevor Decl. Ex. C.
- **GoDaddy and Domains By Proxy**: Documents sufficient to show the identity, address, and email address of the registrant of reviews-company.com and kmjeesoft.com. Trevor Decl. Exs. D, E.

IV.  **CONCLUSION**

For the foregoing reasons, Google requests that this Court grant Plaintiff leave to issue subpoenas to Uncle Marty's, Stripe, GoDaddy, and Domains by Proxy.

Dated: February 18, 2026                COOLEY LLP

By: /s/ *Whitty Somvichian*
    Whitty Somvichian

Attorneys for Defendant

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

GOOGLE'S MOTION FOR LEAVE TO SERVE
THIRD-PARTY SUBPOENAS
CASE NO. 5:25-CV-10907-VKD