UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>    Plaintiff,<br><br>v.<br><br>MUHAMMAD YASIR KHATRI,<br><br>    Defendant. | Case No.  25-cv-10907-VKD<br><br>**ORDER GRANTING, IN PART, PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENAS PRIOR TO RULE 26(F) CONFERENCE**<br><br>Re: Dkt. No. 11 |

Plaintiff Google LLC ("Google") seeks leave to serve Rule 45 subpoenas on CCY Endeavors LLC, doing business as Uncle Marty's Shipping Office ("Uncle Marty's"); Stripe, Inc. ("Stripe"); GoDaddy Inc. ("GoDaddy"); and Domains By Proxy, LLC ("Domains By Proxy") (collectively, "non-parties") prior to a Rule 26(f) conference. Dkt. No. 11. Having considered Google's *ex parte* application, the supporting declaration, and the applicable law, the Court grants the application, in substantial part.

Google has established that good cause exists to serve Rule 45 subpoenas on the non-parties for the purpose of identifying a physical address at which to serve process on defendant Muhammad Yasir Khatri. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *UMG Recordings, Inc. v. Doe*, No. C08-1193 SBA, 2008 WL 4104214, at *4 (N.D. Cal. Sept. 3, 2008) ("Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."). Google has demonstrated that (1) it can identify the defendant with sufficient specificity such that the Court can determine that the defendant is a real person or entity who could be sued in federal court, (2) it has identified previous steps taken to locate the defendant, (3) its action against the defendant

could withstand a motion to dismiss, and (4) there is a reasonable likelihood of being able to identify the defendant through discovery such that service of process would be possible. *See Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999). Specifically, Google's application indicates that Google has unsuccessfully attempted to serve Mr. Khatri at an address in Ithaca, New York and discovery is needed to identify Mr. Khatri's current physical address. Dkt. No. 11 at 4. At this stage of these proceedings, and upon the record presented, Google properly may serve discovery to ascertain Mr. Khatri's physical address for service. *See generally Glacier Films (USA), Inc. v. Turchin*, 896 F.3d 1033, 1036, 1038 (9th Cir. 2018) (observing that the district court's case management order permitting "limited discovery from an Internet Service Provider to establish a potential infringer's identity" was "a sensible way to manage its dockets . . . .").

Although Google describes its proposed subpoena to Stripe as seeking "[d]ocuments sufficient to show the addresses and email address associated with Khatri's account," Dkt. No. 11 at 10, the proposed subpoena to Stripe is not so limited. *See* Dkt. No. 11-1, Ex. C. Attachment A to the subpoena to Stripe includes three requests:

1. Documents sufficient to show all addresses and email addresses associated with the Account;
2. Documents sufficient to show all bank accounts, credit cards, or other payment accounts linked to the Account at any time; and
3. Documents sufficient to identify (including by date, amount, currency, sender or recipient, and any notes or other similar associated information) all transactions associated with the Account.

*Id.* To the extent the subpoena would require Stripe to disclose "all bank accounts, credit cards, or other payment accounts linked to the Account" or "all transactions associated with the Account," it encompasses information beyond Mr. Khatri's address or location. *Id.*

The Court understands that Google wishes to obtain information that will permit it to identify the Doe defendants who worked with or for Mr. Khatri to produce fake reviews. *See* Dkt. No. 11 at 5, 9. The second and third document requests in the Stripe subpoena appear to be in furtherance of that objective. However, the Court is not persuaded that early discovery of this

2

scope is warranted at this time. Unlike Mr. Khatri, Google provides little information about the Doe defendants. The pertinent allegations in the complaint are made on information and belief, and it is not clear Google "can identify [the Doe defendants] with sufficient specificity such that the Court can determine that [each] defendant is a real person or entity who could be sued in federal court." *See Columbia Ins. Co.*, 185 F.R.D. at 578. Moreover, because Google contends that the Doe defendants work with or for Mr. Khatri, it is possible that discovery of their identities can be obtained from Mr. Khatri after he is served and appears in the action, and there is accordingly less justification for obtaining early discovery from third parties on an *ex parte* basis. For these reasons, the Court denies Google's application as to the second and third document requests in the proposed subpoena to Stripe, without prejudice to renewing the application as to those requests at a later time if necessary.

Accordingly, the Court grants Google's application in part and orders as follows:

1. Google may serve a Rule 45 subpoena on Uncle Marty's commanding Uncle Marty's to provide Google with the information requested in Attachment A (Dkt. No. 11-1, Ex. B). Google shall attach a copy of this order to the subpoena.

2. Google may serve a Rule 45 subpoena on Stripe commanding Stripe to provide Google with the information requested in a **revised** Attachment A **that includes only the first document request.** Google shall attach a copy of this order to the subpoena.

3. Google may serve a Rule 45 subpoena on GoDaddy commanding GoDaddy to provide Google with the information requested in Attachment A (Dkt. No. 11-1, Ex. D). Google shall attach a copy of this order to the subpoena.

4. Google may serve a Rule 45 subpoena on Domains By Proxy commanding Domains By Proxy to provide Google with the information requested in Attachment A (Dkt. No. 11-1, Ex. E). Google shall attach a copy of this order to the subpoena.

5. The return date on the subpoenas to the non-parties must permit **at least 30 days** for the non-parties to respond.

6. The non-parties shall provide a copy of the subpoena and a copy of this order to the account holder or customer whose information is required to be disclosed **within 15**

**days** of the date of service of the subpoena on the non-parties, using any reasonable means, including written notice sent to the last known address, transmitted either by first-class mail or via overnight service.

7. Google may only use the information disclosed by the non-parties in response to the Rule 45 subpoenas for the purpose of identifying Mr. Khatri's physical address or location in order to effect service of process in this action.

8. Any affected person may object to the Rule 45 subpoenas, and may also seek a protective order.

**IT IS SO ORDERED.**

Dated: February 23, 2026

*Virginia K. DeMarchi*
Virginia K. DeMarchi
United States Magistrate Judge

4