UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>              Plaintiff,<br><br>       v.<br><br>MUHAMMAD YASIR KHATRI,<br><br>              Defendant. | Case No.  25-cv-10907-VKD<br><br>**ORDER GRANTING PLAINTIFF'S EX PARTE MOTION TO AUTHORIZE ALTERNATIVE SERVICE OF PROCESS**<br><br>Re: Dkt. No. 19 |

Plaintiff Google LLC ("Google") moves *ex parte* for an order authorizing service on defendant Muhammad Yasir Khatri by email and postal mail pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure.  Dkt. No. 19.  For the reasons discussed below, the Court grants Google's motion.

## I.    BACKGROUND

According to the complaint, Mr. Khatri operates two companies, Reviews Company and KMJEE Soft Ltd, that sell and post false reviews for other businesses on Google's services such as Google Maps.  Dkt. No. 1 ¶ 1.  Google alleges that Mr. Khatri's conduct harms consumers because consumers rely on ratings and reviews of local businesses submitted by Google Maps users when they are searching for businesses to engage with.  *Id.* ¶¶ 2, 4.  On December 22, 2025, Google filed this action asserting five claims against Mr. Khatri: (1) breach of contract; (2) violation of California's unfair competition law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq.; (3) inducement of contractual breach by reviewers; (4) inducement of contractual breach by businesses; and (5) false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  *Id.* ¶¶ 64-97.

Google indicates that it does not know Mr. Khatri's precise physical address, but it has identified three physical addresses in Pakistan at which Mr. Khatri may reside and three Gmail addresses associated with Google accounts used by Mr. Khatri. *See* Dkt. No. 19 at 4; Dkt. No. 19-1 ¶¶ 3, 6, 10-14; Dkt. No. 1 ¶¶ 26, 27.

## II.   LEGAL STANDARD

"Rule 4(f)(3) permits service in a place not within any judicial district of the United States by means not prohibited by international agreement as may be directed by the court." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002) (quoting Fed. R. Civ. P. 4(f)(3)) (citation modified). The rule does not "create a hierarchy of preferred methods of service of process," and "service of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief." *Id.* at 1014-15 (citation modified). Rule 4(f)(3) requires only that service be (1) directed by the court and (2) not prohibited by international agreement. *Id.* at 1014. So long as service is "court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country." *Id.* Any alternate means of service must comport with due process, and thus "must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 1016 (citation modified). The determination whether the circumstances in a particular case require alternate service of process under Rule 4(f)(3) is a matter within the Court's discretion. *Id.*

## III.  DISCUSSION

The Court finds that it is appropriate to decide Google's motion on an *ex parte* basis. *See Zoho Corp. v. Target Integration, Inc.,* No. 23-cv-00054-SI, 2023 WL 2837676, at *2 (N.D. Cal. Apr. 7, 2023) (deciding application for alternative service on an *ex parte* basis because "requiring plaintiffs to serve defendants before requesting authorization for alternative service would be paradoxical.").

### A.    International Agreement

Google contends that no international agreement prohibits its proposed alternative service. The Court agrees.

United States District Court
Northern District of California

The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Service Convention") governs service of process on defendants outside the jurisdiction of the United States.  However, the Convention does not apply where the address of the person to be served is not known.  *See Future Motion, Inc. v. Doe*, No. 21-cv-03022-JSC, 2021 WL 3052594, at *2 (N.D. Cal. July 20, 2021) (quoting *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988) and Hague Service Convention art. 1).  Google has diligently investigated Mr. Khatri's physical address, but has been unsuccessful in its efforts to identify a precise location for service of process at a physical address.  *See* Dkt. No. 19 at 2-4; Dkt. No. 19-1 ¶¶ 3-10.  Thus, Mr. Khatri's address is not known.  Where, as here, a plaintiff is unable to identify a valid physical address for a defendant, the Hague Service Convention does not apply in the first instance and therefore does not prohibit alternative methods of service.  *See Maddry v. Luoxue*, No. 25-cv-02449-BLF, 2026 WL 784586, at *3 (N.D. Cal. Mar. 19, 2026) (finding that Hague Service Convention did not apply and permitting email service where plaintiff was unable to identify verified physical addresses for defendants despite conducting research).

Even assuming Mr. Khatri resides in Pakistan, as Google's investigation suggests, the Court finds that Google's proposed alternative service is not prohibited by international agreement.  Pakistan is a party to the Hague Service Convention.  *See* Status Table 14, Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Hague Conference on Private International Law, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17.  Pakistan has not objected to Article 10, which provides for service by "send[ing] judicial documents, by postal channels, directly to persons abroad," and sending "judicial documents directly through the judicial officers, officials or other competent persons of the State of destination."  *See* Declaration/Reservation/Notification, Hague Conference on Private International Law, https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=436&disp=resdn; Hague Service Convention art. 10, Nov. 15, 1965, T.I.A.S. No. 6638.  Accordingly, Google's proposed alternative service by postal mail is permitted by the Hague Service Convention.

As for Google's proposal to serve Mr. Khatri by email, the Hague Service Convention does not expressly prohibit email service. *See Facebook, Inc. v. Banana Ads, LLC*, No. 11-cv-3619 YGR, 2012 WL 1038752, at *2 (N.D. Cal. Mar. 27, 2012) (collecting authority). "District courts in the Ninth Circuit are split on the issue of whether defendants may be served outside the United States via email, when the foreign country where service will occur is a signatory to the Hague Service Convention and has not affirmatively agreed to allow email service under that Convention." *Cadence Design Sys., Inc. v. Fenda USA Inc.*, 734 F. Supp. 3d 960, 963 (N.D. Cal. 2024) (citing *Facebook, Inc. v. 9 Xiu Network (Shenzhen) Tech. Co., Ltd.*, 480 F. Supp. 3d 977, 984 & n.5 (N.D. Cal. 2020)). The Court finds persuasive the several decisions in this District that have concluded in circumstances similar to this case that alternate service via email, when directed by a court, does not violate the Hague Service Convention. *See, e.g.*, *Viral DRM LLC v. Jardin*, No. 24-cv-06854-BLF, 2024 WL 4894854, at *2 (N.D. Cal. Nov. 25, 2024); *Jenkins v. Pooke*, No. 07-cv-03112 JSW, 2009 WL 412987, at *2 (N.D. Cal. Feb. 17, 2009); *Zoho*, 2023 WL 2837676, at *3; *Richmond Techs., Inc. v. Aumtech Bus. Sols.*, No. 11-cv-02460-LHK, 2011 WL 2607158, at *12-13 (N.D. Cal. July 1, 2011). Accordingly, the Court finds that service via email is not prohibited by the Hague Service Convention and is warranted in these circumstances.

## B.    Due Process

Google has demonstrated that alternative service by email is reasonably calculated to apprise Mr. Khatri of the pendency of this action. First, Google's motion and supporting declaration indicate that Google has diligently undertaken efforts to identify a physical address at which to serve Mr. Khatri and has found no reliable physical address. Dkt. No. 19 at 2-4; Dkt. No. 19-1 ¶¶ 3-10; *cf. Astral IP Enter. Ltd. v. Apero Techs. Grp.*, No. 23-cv-02853-JSC, 2023 WL 5498730, at *2 (N.D. Cal. Aug. 23, 2023) (denying request for service by email because "Plaintiff has not met its burden of demonstrating Defendant's address is not reasonably known."). Google attempted service on an address in Ithaca that was listed on Reviews Company's website and learned that the address belongs to Uncle Marty's, a shipping and mailbox company that rents private physical mailboxes. Dkt. No. 19 at 3. On March 5, 2026, in response to Google's subpoena, Uncle Marty's informed Google that although Mr. Khatri had inquired about opening a

4

United States District Court
Northern District of California

private mailbox with Uncle Marty's, he never completed the process. Dkt. No. 19-1 ¶ 6. Therefore, the Ithaca address on Reviews Company's website is not Mr. Khatri's address.

Google has since identified three addresses in Pakistan that may belong to Mr. Khatri. On April 16, 2026, in response to Google's subpoena, Domains By Proxy, LLC ("Domains By Proxy") identified two addresses in Pakistan associated with the domain accounts for Reviews Company's and KMJEE Soft Ltd's websites: (1) House no. 509, Hyderabad, Sindh, Pakistan 71000, associated with an individual named "Muhammad Usman," and (2) House no. 73, Barkat Bhai Town, Hyderabad, Sindh, Pakistan 71000, associated with an individual named "Sobia Sobia." Dkt. No. 19-1 ¶ 10.[1] In addition, based on information that Stripe, Inc. produced in response to Google's subpoena, Google identified another business entity associated with Mr. Khatri, Star SEO, Ltd., that also lists House no. 73, Barkat Bhai Town, Hyderabad, Sindh, Pakistan 71000 as its address. *Id.* ¶¶ 8-9. According to Google, KMJEE Soft Ltd's website displays a third address in Pakistan: Office # 298, Street # 10, New Labor Colony, SITE Area, Hyderabad, Sindh, Pakistan. *Id.* ¶ 4. In sum, Google has identified three different addresses in Pakistan that could be associated with Mr. Khatri.

Second, Google's internal records show that the three Gmail accounts in question are currently active and were last accessed in May 2026. Dkt. No. 19-1 ¶ 14. This suggests that service by email is likely to reach Mr. Khatri and is reasonably calculated to provide him with actual notice of this action. *See Google LLC v. Does 1-3*, No. 23-cv-05823-VKD, 2023 WL 8851619, at *2 (N.D. Cal. Dec. 21, 2023) (granting motion for alternative service via email where Google records demonstrated that email accounts were active and recently accessed).

Given that the Ithaca address listed on Reviews Company's website appears not to be Mr. Khatri's address and that Google's investigation has uncovered three different addresses in

---

[1] Google filed an administrative motion to consider whether the addresses in Pakistan should be sealed because non-party Domains By Proxy designated the information as confidential. *See* Dkt. No. 18 at 2; Dkt. No. 18-1 ¶ 2. Domains By Proxy has not filed a responsive declaration as required by Civil Local Rule 79-5(f)(3) in support of maintaining this information under seal nor responded to the Court's interim order (Dkt. No. 22). As no showing of good cause to seal has been made, the administrative motion to seal is denied.

Pakistan that may belong to Mr. Khatri, service by email to the three email addresses is "the method most likely to reach" Mr. Khatri. *See Rio Props., Inc.*, 284 F.3d at 1017. Email service is also appropriate as Mr. Khatri allegedly operates Internet-based businesses and the email addresses at issue are associated with his businesses. *See id.* at 1018 ("If any method of communication is reasonably calculated to provide RII with notice, surely it is email—the method of communication which RII utilizes and prefers."); *see also Cisco Sys., Inc. v. Shenzhen Usource Tech. Co.*, No. 20-cv-04773-EJD, 2020 WL 4196273, at *13-14 (N.D. Cal. July 20, 2020) (email service satisfied due process where defendants "operate[d] Internet-based businesses" and "provide email addresses for communication").

To ensure that Mr. Khatri receives notice of this action, Google also proposes service by postal mail to the three addresses in Pakistan. Dkt. No. 19 at 9. As all three physical addresses are associated with Mr. Khatri's businesses in some way, the Court orders Google to send Mr. Khatri a copy of the complaint and summons by certified mail to Mr. Khatri at the three Pakistan addresses, in addition to serving Mr. Khatri by email. *See MOM Enters., Inc. v. Roney Innovations, LLC*, No. 20-cv-04850-TSH, 2020 WL 8614207, at *2-3 (N.D. Cal. Sept. 17, 2020) (holding service by mail and email combined comports with due process); *Ingrid & Isabel, LLC v. Bentibo*, No. 18-cv-01856-JCS, 2019 WL 2517524, at *6 (N.D. Cal. May 10, 2019) (same), *report and recommendation adopted*, No. 18-cv-01856-HSG, 2019 WL 2515713 (N.D. Cal. June 18, 2019).

## IV.    CONCLUSION

For these reasons, the Court grants Google's motion for an order authorizing alternative service. The Court orders that Google may serve the operative complaint and summons on Mr. Khatri by email and certified mail to the email addresses and physical addresses listed below:

| Email Addresses | reviewscompany1@gmail.com |
| --- | --- |
| | yasirkhalid1993@gmail.com |
| | yasirkhalid93@gmail.com |
| Physical Addresses | Office # 298, Street # 10, New Labor Colony, SITE Area, Hyderabad, Sindh, Pakistan |

| | House no. 509, Hyderabad, Sindh, Pakistan 71000 |
| --- | --- |
| | House no. 73, Barkat Bhai Town, Hyderabad, Sindh, Pakistan 71000 |

The 90-day time limit for service in Rule 4(m) does not apply to service of an individual in a foreign country.  Fed. R. Civ. P. 4(m); *Ho v. Pinsukanjana*, No. 17-cv-06520-PJH, 2019 WL 2415456, at *4 (N.D. Cal. June 7, 2019).  The Court directs Google to file proof of service no later than **June 2, 2026**.

Also by **June 2, 2026**, Google shall file its motion to authorize alternative service of process and accompanying declaration in unredacted form on the public docket.

**IT IS SO ORDERED.**

Dated: May 19, 2026

Virginia K. DeMarchi
United States Magistrate Judge

United States District Court
Northern District of California

7